# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR416-086 |
| | ) | |
| DEXTER JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Dexter Johnson seeks a copy of his sentencing transcript to "better prepare his 28 U.S.C. § 2255" motion. Doc. 33 at 1. He has requested a copy from his trial counsel, but has not received any response. *Id.* No transcription of the sentencing proceedings has been docketed. The Government has not opposed his request.

In general, a federal prisoner is not entitled to obtain any transcripts at the public's expense for the purpose of preparing a case pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 753(f)[1] & 1915; *Hoover v. United States*, 416 F.2d 431, 432 (6th Cir. 1969). In other words, the defendant

---

[1] A court may provide an indigent criminal defendant a free copy of a transcript to bring an action pursuant to 28 U.S.C. § 2255 "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C. § 753(f); *see United States v. MacCollum*, 426 U.S. 317, 326 (1976).

must set forth his entitlement to relief (*i.e.*, file his § 2255 motion) and *then* the Court will evaluate whether the preparation of transcripts is necessary. *See United States v. Horvath*, 157 F.3d 131, 132-33 (2d Cir.1998) (§ 753(f) "provides for transcripts only in 'proceedings brought under section 2255'; but no such proceeding exists until a § 2255 motion is filed. Thus one of the statutory prerequisites is the court's certification that the transcript is needed for the court to 'decide' a § 2255 motion -- not for the petitioner to prepare it. And of course, without a § 2255 motion in hand, a judge has no basis for certifying such a need, or even for determining (as the statute requires be done) whether the § 2255 motion is frivolous."); *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) (an indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw.")

Here, Johnson has not made any need-based showing for the transcript beyond his vague, conclusory belief that it may be of some use to him in a motion he has not yet prepared or filed. Doc. 33. His request for a free copy of the sentencing transcript is therefore **DENIED** as premature.[2]

---

[2] This result (depriving Johnson of the ability to cite specifically to the record) does not prejudice his ability to set forth his general claims to collateral relief. As *Horvath*

**SO ORDERED,** this   21st   day of August, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

observed:

> The requirement that a § 2255 motion precede a request for a transcript under § 753(f) does not curtail relief under § 2255. A § 2255 motion need only set forth the movant's claims of error generally. *See* Rules Governing Section 2255 Proceedings, Rule 2(b) ("[The motion] shall specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.").

Horvath, 157 F.3d at 132-33.