# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DEXTER JOHNSON, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CV417-163 |
| | ) | CR416-086 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Convicted after a guilty plea for possession of a firearm as a felon, doc. 20[1] (plea agreement), Dexter Johnson was sentenced to a total of 80 months' imprisonment. *See* doc. 28. He did not appeal the judgment. He now moves under 28 U.S.C. § 2255 to vacate his sentence based on (1) counsel's failures to object to the Presentence Investigative Report (PSR), which included a conviction and Sentencing Guidelines enhancements he disputes; provide him with copies of discovery; or adequately consult with him; and (2) the Court's error in counting that conviction in his criminal history points and applying that Sentencing

---

[1]  The Court is citing to the criminal docket in CR416-086 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Guidelines enhancement. Doc. 35. The Government moves to dismiss his motion. Doc. 39. Johnson has not opposed.

A defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior* to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). That is, "[a] defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). The bar applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." *Pierre*, 120 F.3d at 1155.

Defendants who have entered an unconditional guilty plea, therefore, may challenge their pre-plea constitutional claims only by showing that the advice they received from counsel undermined "the

2

voluntary and intelligent character of the plea." *Tollett*, 411 U.S. at 267. This includes

> defects in the procedure by which the plea was received or circumstances which make the plea other than voluntary, knowing and intelligent. It also includes cases where the guilty plea was induced through threats, misrepresentations, or improper promises, such that the defendant cannot be said to have been fully apprised of the consequences of the guilty plea. . . .

*Mikell*, 2011 WL 830095 at *2 (cites and quotes omitted). Otherwise, all substantive claims that could have been raised before the plea, such as suppression-based claims, are waived. *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ("By entering a knowing, voluntary, intelligent guilty plea on the advice of competent counsel, [petitioner] has waived all nonjurisdictional complaints . . . [such as] claims regarding *Miranda* warnings, coerced confessions, perjury and illegal searches and seizures. . . ."); *Washington v. United States*, 2010 WL 3338867 at * 15 (S.D. Ala. Aug. 5, 2010) (collecting Eleventh Circuit cases denying habeas relief on suppression-based IAC claims and concluding that, "[b]ecause all of Washington's asserted claims of ineffective assistance of counsel relate to the suppression issue, the denial of which has been waived . . . they have been waived by petitioner's entry of a knowing and voluntary plea. . . .").

Johnson, who pled guilty unconditionally, cites no legally cognizable involuntariness grounds (*e.g.*, that he was threatened or misled by his lawyer, the judge, etc.) that would undermine his guilty plea. *See Tollett*, 411 U.S. at 267; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). He argues instead that counsel failed to more comprehensively consult with him about the plea agreement and appeals process, to give him copies of discovery, and to object to "discrepancies" in the PSR, including a 2000 conviction that should not have been used to calculate his criminal history points and Sentencing Guidelines enhancements that should not have been applied. *See* doc. 35 at 4-11.

But Johnson swore under oath that he had received the full benefit of counsel and had met with counsel to discuss the facts of his case, the law, the indictment, the terms of the plea agreement, and the application of the sentencing Guidelines. Doc. 37 at 7-8 (sentencing hearing transcript); *see Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Spitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986) ("[I]f the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.").

And he signed this Court's Notice of Post-Conviction Consultation, which affirms that he expressly told counsel, after being fully informed of his appellate rights, that he did not wish to file an appeal.[2]  Doc. 26.

Johnson ignores this inconvenient fact in declaring, under penalty of perjury, that counsel was deficient for failing to fully apprise him of his appellate rights and the consequences of failing to file an appeal. Doc. 35 at 15 ("I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct....").[3] His bare assertion to the contrary now cannot overcome what he swore to be true at his plea colloquy and shortly after sentencing.  *See, e.g., Eason v. United States*,

---

[2]  The Notice is a document this Court developed to memorialize counsel's consultation with his client and reflect the client's appeal decision. *See Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (the "Notice of Counsel's Post-Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal). This unambiguous affirmation confirms that Johnson knowingly and voluntarily -- after counsel fully explained "the consequences of failing [to appeal]" to him -- declined to appeal his conviction or sentence. Any assertion now to the contrary is blatantly false.

[3]  Lying under oath, either live or "on paper," is a criminally prosecutable offense. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

2014 WL 4384652 at * 3 (S.D. Ga. Sept. 3, 2014). And with nothing to excuse his failure to appeal, Johnson's claims that his sentence was miscalculated or improperly enhanced under the advisory Sentencing Guidelines are procedurally defaulted. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).[4]

Lastly, movant's conclusory arguments that somehow counsel was constitutionally deficient for failing to provide him with copies of

---

[4]   Even were they not, a § 2255 motion cannot provide the relief he seeks. "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing. . . . [A] district court lacks the authority to review the alleged error unless [it] constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (quotes and cites omitted). And "[a]ny miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory." *Id.* at 1140; *see Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998).

Moreover, these claims fail on the merits. Johnson's April 2000 conviction for possession of a controlled substance, PSR at 29, was properly counted pursuant to the Sentencing Guidelines. *See* U.S.S.G. § 4A1.2(e)(1) (a prior felony counts in the calculation of a defendant's criminal history category if it resulted in his incarceration during any part of the 15 years preceding his commencement of the instant crime); *United States v. Brooks*, 166 F.3d 723, 726 (5th Cir. 1999) (confinement in a bootcamp constitutes a "sentence of imprisonment" under U.S.S.G. § 4A1.1). He was serving that sentence in September 2000, less than 15 years before he was found in possession of a firearm as a felon (the current crime). *Compare* PSR at ¶ 29 with doc. 1 (indictment) & PSR at ¶ 4.

And he was found in possession of a pistol along with small amounts of cocaine and marijuana. PSR at ¶¶ 7-8. Meaning, his firearm was found "in close proximity to drugs" and thus "ha[d] the potential of facilitating another felony offense." *See* U.S.S.G. § 2K2.1 comment (n.14(B)). That is enough, without more, to trigger the four-level § 2K2.1(b)(6)(b) enhancement for "possess[ing] any firearm or ammunition in connection with another felony offense." *United States v. Carillo-Ayala*, 713 F.3d 82, 92 (11th Cir. 2013).

discovery or more meaningfully consult with him prior to his entry of a guilty plea and decision not to appeal his conviction fail for lack of any articulable prejudice. *See, e.g., United States v. Frady*, 456 U.S. 152, 170 (1982) (an attorney's error must not only create the possibility of prejudice, they must work to a defendant's "actual and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions.").

In sum, the Government's motion (doc. 36) should be **GRANTED**, and Johnson's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file

written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __10th__ day of January, 2018.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA